IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA PONDER, an individual, and RABBITT-AIRE, INC., an Alabama Corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 03-JEO-2998-S |
| VULCAN AERO SERVICES, INC., an Alabama Corporation; WALKER COUNTY ALABAMA; WALKER COUNTY COMMISSION; and WALKER COUNTY AIRPORT AUTHORITY, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

The plaintiffs bring this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331, alleging that Walker County Alabama, the Walker County Commission, and the Walker County Airport Authority, Inc. ("the Walker County defendants"), were involved in the improper award of an aviation contract to Vulcan Aero Services, Inc. ("Vulcan"), in violation of state and federal law.

On December 3, 2003, the Walker County defendants filed a motion to dismiss the claims against them (doc. 7) and a motion to transfer venue (doc. 8), in which Vulcan joined (doc. 12). The plaintiffs filed an amended complaint (doc. 10) and a response to the motion to dismiss (doc. 13). The Walker County defendants then filed a motion to dismiss the amended complaint, in which Vulcan again joined. (Doc. 15 & 16). The Walker County defendants lastly filed a motion to set these matters for oral argument. (Doc. 18). These matters were set for oral argument on April 14, 2004. Upon consideration, the court finds that the motion to dismiss the

amended complaint is due to be granted and this action dismissed without prejudice to the plaintiffs' right to pursue any available state court remedies, and that the initial motion to dismiss, the motion to transfer and the motion for oral argument are moot.

## DISCUSSION

The plaintiffs assert that the defendants violated the federal bid law (41 U.S.C. § 253) when Walker County awarded Vulcan the aviation services contract at the Walker County Airport. They further assert that the defendants violated various state law bid provisions as well. Federal jurisdiction is premised upon the assertion of purported federal questions.

At the hearing on the motion, the plaintiff correctly conceded that the federal bid law applies to federal executive agencies and not to the present situation. Accordingly, federal jurisdiction, if any, must be premised upon the civil rights claim advanced in the amended complaint pursuant to 42 U.S.C. § 1983.

The plaintiffs appear to assert that § 1983 jurisdiction is premised specifically on the claim that the Walker County defendants "selected Vulcan to be the single fixed-base operator of the Walker County Airport without soliciting other bids and without advertising or otherwise publishing notice of its intention to do so to the general public." (Doc. 13 at 2). They claim that they "had the right and privilege to be given notice and opportunity to submit a bid." (*Id.*). Because the County is a political subdivision of the State, the plaintiffs claim the Walker County defendants violated State bid laws.[1] This, they further assert, creates a property right they cannot be deprived of without due process of law.

The defendants assert that this matter is due to be dismissed because the plaintiffs lack

---

[1] Specifically, they cite to the State's competitive bid laws (ALA. CODE §§ 39-1-1, *et seq.* & 41-16-50, *et seq.*). (Complaint at ¶ 21; Amended Complaint at ¶ 8).

standing to raise a general challenge to the administration of funds by the defendants (doc. 17 at 2), they fail to demonstrate subject matter jurisdiction (*id.* at 2-3), they lack standing under Ala. Code § 39-1-1 to challenge the defendants' actions (*id.* at 3-4), the state bid laws under § 41-16-50 do not apply to the defendants (*id.* at 4-5), the claim for injunctive relief is moot (*id.* at 5), and they have failed to state a procedural or substantive due process claim (*id.* at 6-8). Because the defendants' challenge to the court's federal question jurisdiction is dispositive in this matter, only that challenge will be addressed below.

Should the plaintiffs allege a cognizable procedural or substantive due process claim, this court would have jurisdiction to review the claim or claims and any related state law claims. The fundamental question in this litigation is whether the plaintiffs, who were not afforded an opportunity to bid on the relevant "lease" or "agreement," are entitled to maintain this action under § 1983. In sum, the court finds that they are not.

Initially, the court must determine what property interest, if any, the plaintiffs can enforce in this action. They claim that their property interests consist of their right to have the defendants comply with the State bid laws and to have them act in a non-arbitrary way. This argument was addressed by United States District Judge Robert B. Propst in *Urban Sanitation Corp. v. City of Pell City, Alabama*, 662 F. Supp. 1041 (N.D. Ala. 1986). In that case, Judge Propst concluded that an unsuccessful bidder, like a taxpayer, has no "constitutionally protected property interest resulting from state law." *Id.* at 1046. This court sees no reason to depart from the reasoning posited by Judge Propst. To the contrary, this holding is consistent with the recent decision of the Eleventh Circuit Court of Appeals in *Greenbriar Village, L.L.C. v. City of Mountain Brook*, 345 F.3d 1258, 1262 (11th Cir. 2003), where the court held, in part, that substantive due process rights are derived from "'fundamental'" rights "'implicit in the concept of ordered liberty'" and

do not include state-created property interests. *Greenbrier*, 345 F.3d at 1362 (citing *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc)). Accordingly, this court finds that there is no substantive due process right for the plaintiffs to pursue in this action under § 1983. The court, therefore, cannot premise its jurisdiction on this claim.

The defendants correctly note that a valid procedural due process claim must demonstrate the deprivation of a protected liberty or property interest and an absence of due process. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S. Ct. 1148, 1154, 71 L. Ed. 2d 265 (1982). For the foregoing reasons, the court finds that the plaintiffs have not demonstrated any protected property interest under the circumstances. *See also Transco Security, Inc. v. Freeman*, 639 F.2d 318, 321 (6th Cir.) (right to bid on government contracts is not a property interest), *cert. denied*, 454 U.S. 820, 102 S. Ct. 101, 70 L. Ed. 2d 90 (1981). Thus, the plaintiffs' federal claim must fail.

Even assuming there is an identifiable property interest, the plaintiffs must demonstrate an absence of due process. Under the facts, the court finds that they cannot. To succeed in this matter, the plaintiffs would have to demonstrate the absence of adequate state remedies to advance their claims. *See Cotton v. Jackson*, 216 F.3d 1328, 1331 n.2 (11th Cir. 2000). However, they have not and cannot in good faith allege an absence of state remedies. Under ALABAMA CODE § 41-16-61, the State has provided a "post-deprivation" remedy that permits the plaintiffs to challenge the complained-of conduct.[2] Accordingly, the court must conclude that the

---

[2] In finding that a state "post-deprivation" remedy exists, the court is not passing judgment on the propriety of advancing such a claim in state court at this juncture.

present allegations fail to state a federal claim.[3]

## CONCLUSION

Premised on the foregoing, the court finds that the motion to dismiss the amended complaint (doc. 15) is due to be granted and this action dismissed without prejudice to the plaintiffs' right to pursue any available state court remedies, and the initial motion to dismiss (doc. 7), the motion to transfer venue (doc. 8), and the motion for oral argument (doc. 18) are moot. An order consistent with the court's findings will be entered contemporaneously herewith.

**DONE**, this 20th day of April, 2004.

_____
JOHN E. OTT
United States Magistrate Judge

---

[3] The court also notes that even if §1983 was applicable to the Walker County defendants, the plaintiff has not stated a viable claim as to Vulcan because it is not a state actor.

5